IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM I. KISNER,<br>        Plaintiff,<br><br>        v.<br><br>PETER R. DEFAZIO; WILLIAM P.<br>MULLEN; JOSEPH A. RIZZO, DENNIS<br>SKOSNIK, MICHELLE TERRY and<br>ALLEGHENY COUNTY,<br>PENNSYLVANIA<br>        Defendants. | Civil Action No. 07-0788<br>Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

## **REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

It is respectfully recommended that the Defendants' Motions to Dismiss be denied.

### **II. REPORT**

This is an action brought by Plaintiff William I. Kisner ("Kisner") against Defendants for alleged civil rights violations during his employment in the Allegheny County Sheriff's Office. Plaintiff's Second Amended Complaint asserts adverse employment treatment/conditions in retaliation for protected speech against unlawful and discriminatory practices by the Sheriff's Office. He has, therefore, adequately pled a violation of his §1983 constitutional rights. He sufficiently alleged a cause of action under the provisions of §§1985 and 1986 in that he pleads

racial and personal animus, and conspiracy to discriminate and retaliate against him. Finally, Plaintiff sufficiently raised claims against Defendants for violations of clearly-established Constitutional protections, to which they are not now entitled to dismissal on the basis of qualified immunity. The Court notes, in so recommending, the procedural posture of the case and the different and heightened standards to which Plaintiff's claims would be held on, *e.g.*, a motion for summary judgment.

**A. <u>Statement of Facts and Procedural History</u>**

Plaintiff has been employed as a Deputy in the Allegheny County Sheriff's Office for more than fifteen (15) years, during the tenures of Defendants DeFazio (Sheriff, prior to 2006) and Mullen (Sheriff, 2006 to present).[1] He alleges that:

(1) He repeatedly spoke out against systems of involuntary political contributions and favoritisms (a "pay to play" system in which he refused to participate), racial discrimination, and retaliation against other African-Americans who spoke out about Department injustices (*e.g.*, Yvonne Evans ("Evans"));

(2) In 2005-2006 he cooperated in the Federal Bureau of Investigation's criminal investigation of Sheriff Defazio and then-Chief Deputy Skosnik, who plead guilty to federal criminal charges related to unlawful political-patronage practices. Plaintiff testified both before the federal grand jury and during the criminal trial of Frank Schiralli, a former Captain in the Sheriff's Office.

---

1. In Spring, 2006, Defendant Mullen was appointed Chief Deputy, replacing Skosnik. Following DeFazio's resignation shortly thereafter, Mullen assumed the position of Sheriff, and Defendant Rizzo assumed the position of Chief Deputy. Defendants Kearney and Terry are Lieutenants, and the former is also in charge of the Sheriff's Investigations Division.

(3) At about the same time, he testified before the Allegheny County Personnel Board on behalf of Evans, who was contesting her termination.

Plaintiff alleges that the Defendants conspired to retaliate against him for his testimony in the Criminal and Evans proceedings and his "other speech and expressive conduct alleged", *i.e.*, for his attempts to enforce the rights of himself and others to Constitutional equal protection. See Second Amended Complaint at p. 10. He alleges specific disfavorable employment treatment related to pretextual-investigations, assignments/promotion, discipline, and other conditions of employment through 2006, 2007 and 2008. And he alleges personal animus related to his resistance to "unlawful and discriminatory practices", including racism, within the Sheriff's Office. Id. at 11.

On the above bases, Plaintiff brought this action in federal court with claims of (1) retaliation by the Defendants for Constitutionally-protected speech, in violation of 42 U.S.C. § 1983; (2) conspiracy by the Defendants to retaliate against him for his speech and for "otherwise [seeking] to enforce the right of himself and others . . . to the equal protection of the law by voicing his objections to the pay-to-play and racial discrimination within the [Sheriff's] Office" in violation of 42 U.S.C. § 1985(2); and (3) supervisory liability against Defendant's Mullen and Allegheny County for failure to prevent or aid in preventing the conspiracy, in violation of § 1986.

Each of the Individual Defendants filed his/her Motion to Dismiss in July, 2008, after this Court permitted a second amendment of the Complaint over Objections.

B. **Standard on Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if the complaint fails to set forth sufficient facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007). Cf. Williams ex rel. Tabiu v. Gerber Prods. Co., 523 F.3d 934, 938 (9th Cir. 2008) (explaining, in citing Twombly, that factual allegations "must be enough to raise a right to relief above the speculative level"). In so ruling, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).[2]

C. **Analysis**

1. **§ 1983**

Plaintiff brings a claim under 42 U.S.C. § 1983 for free speech-based retaliation, and alleges facts sufficient to support a cause of action. As noted above, he alleges specific adverse employment-related treatment/conditions in retaliation for his (a) criticisms of and resistance to

---

2. Defendant Mullen, in his generally lucid Memorandum of Law in Support of his Motion to Dismiss (the "Mullen Memorandum"), appears to conflate the standards applicable to the present procedural posture as opposed to, *e.g.*, summary judgment or trial. See, *e.g.*, Mullen Memorandum at 2 (asserting that the § 1983 claim against him fails because Plaintiff has not "allege[d] any set of facts *establishing* that Mullen engaged in and/or approved any of these [retaliatory] acts because of speech directed at the policies of the DeFazio Administration") (emphasis added); id. at 9 (objecting that Plaintiff "has not pled any plausible scenario sufficient to establish that Mullen . . . [was] motivated by [retaliation against protected speech]").

4

systems of political-patronage and racism within the Sheriff's Department, (b) cooperation with authorities in a criminal investigation of the Sheriff's Department under DeFazio, and (c) testimony in support of Evan's challenge to her employment termination (as also discriminatory and/or retaliatory).  See Garcetti v. Ceballos, 547 U.S. 410 (2006) (holding that First Amendment protects government employee's speech when he speaks (1) in the capacity of a citizen, as opposed to within the discharge of his employment duties, and (2) on an issue of public concern); Reilly v. City of Atlantic City, 532 F.3d 216 (3d Cir. 2008) (concluding that employee's court testimony regarding department corruption was protected speech); Thomas v. Independence Township, 463 F.3d 285, 291 (3d Cir. 20006)  (explaining that § 1983 First Amendment claim requires that plaintiff allege constitutionally protected conduct, and related retaliatory action sufficient to deter a person of ordinary firmness from exercising his rights).

To the extent Defendant Mullen attempts to limit the speech on which Plaintiff may base a § 1983 claim against him to speech made during and/or about Mullen's tenure as Sheriff, see Mullen Memorandum at 9-10, he errs.  Plaintiff may state such a claim by pleading, as discussed above, that Mullen acted under color of state law to deprive him of his First Amendment right. See generally, Thomas, *supra*. An unconstitutional deprivation could certainly be effected by employment-related retaliation for speech against Sheriff's Department's unconstitutional practices prior to Mullen's selection and retention by that Department, as well as speech against any such practices thereafter.[3]

---

3. The Court further notes, in response to Defendant Mullen's assertion that Plaintiff "fails to establish that . . . Mullen was plausibly motivated by Plaintiff's speech against the DeFazio administration", that Plaintiff has alleged Mullen's appointment by DeFazio, Mullen's

(continued...)

**2. § 1985 and §1986**

Defendants challenge Plaintiff's claims under 42 U.S.C. § 1985(2) and (3) (and the related provisions of § 1986). In general, there are two possible bases for a § 1985(2) claim. The first portion applies to conspiracies to deter (*e.g.* by intimidation) or to retaliate against a party or witness attending or offering testimony in federal court. The second portion applies to conspiracies intended to impede/obstruct "the due course of justice in any State . . ." with the intent to deny to any citizen the equal protection of the laws, or to injure/retaliate against someone for attempting to enforce rights of equal protection. Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1976); Fetzer v. Cambria County Human Services, 384 F.Supp.2d 813, (W.D. Pa. 2005). The federal nexus in the first instance is a federal court proceeding (*e.g.*, Plaintiff's testimony in federal criminal proceedings, but not in Allegheny County proceedings); in the second instance, it is a "class-based, invidiously discriminatory animus." Id. Under § 1985(3) Defendants may be held liable if they conspired for the purpose of depriving any person or class of persons of the equal protection or privileges of the laws and in furtherance thereof injured Plaintiff or deprived him of a right.

The Second Amended Complaint makes sufficiently specific allegations of conspiracy and participation/complicity in adverse employment treatment/conditions against each of the

---

3. (...continued)
relationship to the Sheriff's Department (the institution, and the individuals comprising it, including the other Defendants), and conduct and complicity in conduct in a factually-specific context sufficient to meet the applicable standard. See Mullen Memorandum at 11-12.

Defendants.[4] And Plaintiff makes allegations of racial, as well as free-speech based, discriminatory animus and retaliatory conditions of employment within/by the Sheriff's Department, both before and after Mullen's appointment. See, e.g., Second Amended Complaint at pp. 11-17 (alleging racial animus and retaliatory motives for conditions of employment such as partner assignments, investigation, and discipline); Plaintiff's Brief in Opposition to Defendant Mullen at 12 (noting, with regard to § 1985(3) claim, that racial discrimination "is directly alleged in the complaint"). His claims should, therefore, be upheld against the Motions to Dismiss.[5]

### 3. Qualified Immunity

Defendants assert that even if Plaintiff has stated a constitutional claim, they are entitled to qualified immunity because "the contours of [such] claim were not clearly established." Mullen Memorandum at 10; id. at 12-13 (noting that qualified immunity applies if the "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known") (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

---

4. It identifies, e.g., dates and time periods, participants, objects, and actions with particularity. See Second Amended Complaint; see also Plaintiff's Brief in Opposition to Motions of Defendants Kearney and Terry at 4.

5. Because the Second Amended Complaint encompasses allegations of racial animus, discrimination, and related retaliation, the Court need not now reach the difficult, unresolved question of whether conspiracy to discriminate for purely political reasons is sufficiently "invidious" in and of itself to give rise to a cause of action under § 1985(3). See Farber v. City of Paterson, 440 F.3d 131, 138-140 (3d Cir. 2006) (discussing the Third Circuit's "mixed signals" on this question and the split amongst other Circuit Courts; and noting that it is an "open question" in the Supreme Court).

As Defendants acknowledge, the Court assesses entitlement to qualified immunity by considering whether the facts allege violation of a constitutional right and whether the right was clearly established in light of the specific context of the case. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The sufficiency of Plaintiff's supplemental pleading has been noted, *supra*; that is, the Second Amended Complaint provides the necessary factual predicate for determination of Defendants' assertion of qualified immunity. See Thomas v. Independence Township, 463 F.3d 285, 291 (3d Cir. 20006) (remanding for consideration of qualified immunity in "factual context" where Plaintiff had adequately pled Constitutional violations under notice standard but had not yet provided further factual detail).

As any reasonable Sheriff's Department officer/official would be aware that adverse employment treatment/conditions imposed in retaliation for protected speech in objection/resistance to unlawful and/or discriminatory practices is unconstitutional, qualified immunity cannot now provide a basis for releasing Defendants from liability. Cf. Assafu v. Fields, 178 F.3d 170 (3d Cir. 1999) (reversing summary judgment for defendants in employee's civil rights action, as a reasonable official would know it was unconstitutional to retaliate against plaintiff for exercise of a First Amendment right); Thomas, *supra* (noting general rule that defense of qualified immunity may provide basis for dismissal only when it is established on the face of the complaint); Leveto v. Lapina, 258 F.3d 156 (3d Cir. 2001) (same).

### III. CONCLUSION

For the reasons aforesaid, it is respectfully recommended that the Defendants' Motions to Dismiss be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: September 2, 2008