IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM I. KISNER,<br>        Plaintiff,<br><br>        v.<br><br>PETER R. DEFAZIO; WILLIAM P.<br>MULLEN; JOSEPH A. RIZZO, DENNIS<br>SKOSNIK, MICHELLE TERRY and<br>ALLEGHENY COUNTY,<br>PENNSYLVANIA<br>        Defendants. | 2:07cv788<br>Electronic Filing<br><br>Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM ORDER

AND NOW, this 9th day of December, 2008, after <u>de novo</u> review of the record and upon due consideration of the magistrate judge's report and recommendation filed on September 2, 2008, and defendants' objections thereto, IT IS ORDERED that defendants' motions to dismiss [63, 65, 66, & 67] be, and the same hereby are, denied. The magistrate judge's report and recommendation (Docket No. 80) as augmented herein is adopted as the opinion of the court.

The Report concluded that Plaintiff has (a) adequately pled a violation of his §1983 constitutional rights in his Second Amended Complaint based on adverse employment treatment/conditions assertedly imposed in retaliation for protected speech against unlawful and discriminatory practices by the Sheriff's Office; (b) sufficiently alleged a cause of action under the provisions of §§1985 and 1986 based on both racial and personal animus, and conspiracy to discriminate and retaliate against him; and (c) sufficiently raised claims for violations of clearly-established Constitutional protections, to which defendants are not now entitled to dismissal on the basis of qualified immunity. Accordingly, it recommended that Defendants' Motions to Dismiss be denied.

Defendants' myriad of objections are unavailing. At this juncture the court is not free to review the allegations of the Amended Complaint selectively and compartmentalize the series of underlying events in a manner that most favors defendants' legal arguments. Nor is the court obligated to parse through each minute detail raised in the complaint and characterize it as either

an independent basis for one of the advanced causes of action or an allegation that pertains to immaterial or non-actionable conduct. To the contrary, the court's role simply is to ascertain whether the allegations of the complaint are grounded in enough fact to suggest that it is plausible that plaintiff will be able to support the causes of action with the benefit of discovery. The Second Amended Complaint more than sufficiently satisfies this threshold.

Moreover, defendant Mullen's repeated assertion that a cause of action against him may only be premised on retaliation for Plaintiff's speech or conduct during Mullen's tenure as Sheriff is without merit. To the contrary, a reasonable jury could conclude, for example, that Mullen was motivated to continue an alleged pattern of retaliation against Plaintiff for prior protected speech/conduct that was regarded by the defendants as disloyal and/or antagonistic toward the Sheriff's Department administrative employees and/or policies. See Report at 5. See also Plaintiff's Consolidated Brief in Opposition at 2-4 (asserting that "Defendants repeatedly ignore material allegations of the . . . Complaint" as to the scope of speech/conduct and associated retaliation alleged and identifying several specific allegations pertaining to Mullen's participation or explicit acquiescence in the retaliatory conduct); id. at 5 ("Mullen asks this Court to dismiss this case based on a set of highly questionable assumptions about human nature."). And even assuming that plaintiff must ultimately satisfy the "timing - plus" requirement to establish causation, the context and specific allegations indicate that with the aid of discovery it is plausible that plaintiff may be able to present enough evidence to permit the jury to draw the requisite causal connection between the numerous instances of protected activity and many or all of the asserted forms of retaliation;

Similarly, Mullen's contention that "critical employees" does not identify a cognizable class does not undermine the recommendation on Plaintiff's § 1985 claim in the Report. The Report expressly concludes that a § 1985 claim is clearly permissible as to race, and taking the allegations of the Complaint as a whole and viewing them in the appropriate light, it is clear that such a claim has been adequately alleged. See Report at 6-7. See also Plaintiff's Consolidated Brief in Opposition at 8-9. Consequently, the court need only direct defendant Mullen's to the allegations of the Second Amended Complaint and deny his pending motion to dismiss to fulfill

its adjudicatory obligations.

Finally, defendants' extensive objections generally are based upon implicit propositions about what did and did not happen and what will and will not be established. Of course, Twombly and its progeny have not erected a heightened pleading standard or dramatically changed this court's role in adjudicating a 12(b)(6) motion. Nor do the allegations of the complaint merely reflect formulaic phraseology that requires further pleading under Thomas in order to assess adequately defendants' entitlement to qualified immunity at the pleading stage. Accordingly, defendants' objections appropriately must await the development of the record.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Honorable Lisa Pupo Lenihan  
    United States Magistrate Judge

    Adrian N. Roe, Esquire  
    Watkins Dulac & Roe P.C.  
    Two Gateway Center, 17 East  
    603 Stanwix Street  
    Pittsburgh, PA 15222

    John A. Bacharach, Esquire  
    Bacharach and Klein  
    1113 Manor Complex  
    564 Forbes Avenue  
    Pittsburgh , PA 15219

    Richard I. Thomas, Esquire  
    James P. Thomas, Esquire  
    Jeffrey G. Wilhelm, Esquire  
    Pepper Hamilton  
    50th Floor, One Mellon Bank Center  
    500 Grant Street  
    Pittsburgh , PA 15219

    Caroline Liebenguth, Esquire  
    Michael H. Wojcik, Esquire  
    Allegheny County Law Department  
    300 Fort Pitt Commons  
    445 Fort Pitt Boulevard  
    Pittsburgh , PA 15219