IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM I. KISNER,<br>        Plaintiff,<br><br>        v.<br><br>PETER R. DEFAZIO; WILLIAM P.<br>MULLEN; JOSEPH A. RIZZO, DENNIS<br>SKOSNIK, MICHELLE TERRY and<br>ALLEGHENY COUNTY,<br>PENNSYLVANIA<br>        Defendants. | Civil Action No. 07-0788<br>Judge Donetta W. Ambrose<br>Magistrate Judge Lisa Pupo Lenihan |

## **MEMORANDUM ORDER**

Plaintiff's Complaint was received by the Clerk of Court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.[1]

The November, 2009 Report and Recommendation in this action alleging civil rights violations during Plaintiff's employment in the Allegheny County Sheriff's Office, recommended that Defendants' Motions for Summary Judgment be denied, with the exceptions that their

---

1. Plaintiff brought this action in federal court with claims of (1) retaliation by Defendants for Constitutionally-protected speech, in violation of 42 U.S.C. § 1983; (2) conspiracy by Defendants to retaliate against him for his speech and for "otherwise [seeking] to enforce the right of himself and others . . . to the equal protection of the law by voicing his objections to the pay-to-play and racial discrimination within the [Sheriff's] Office" in violation of 42 U.S.C. § 1985; and (3) supervisory liability against Defendants Mullen and Allegheny County for failure to prevent or aid in preventing the conspiracy, in violation of § 1986.

requests for summary judgment be granted (a) pursuant to the applicable statute of limitations, as to alleged acts of retaliation or discrimination occurring prior to June 8, 2005 (which Plaintiff did not contest); and (b) pursuant to the intra-corporate conspiracy doctrine, as to claims alleged against the individual Defendants in their official capacities. In so recommending, the Report made the following observations:

> The Court recognizes merit in Defendants' observations regarding the (a) numerous factual allegations extraneous to Plaintiff's legal claims; (b) proffered alternative grounds and motivations for Defendants' challenged actions; and (c) extent of damages reasonably attributable to conspiracy and retaliation in violation of Plaintiff's rights as alleged, as suggested by the evidence of record. It is, however, persuaded that Plaintiff has raised material questions of fact sufficient to maintain his claims for violation of Constitutionally-protected rights in the face of Defendants' Motions for Summary Judgment.
>
> The Report emphasizes that the applicable standard is *not* whether this Court would find, on the weight of the evidence as a whole, that Plaintiff sustained substantial injury, or even if *it* would find that Defendants had conspired to, *e.g.*, retaliate against Plaintiff for protected speech. Rather, it is whether the evidence is so lacking that no reasonable jury could find in Plaintiff's favor on his claims.
>
> To show [§1983] causation under [Lauren v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007)], Plaintiff must show: (i) an unusually suggestive temporal proximity between the protected activity and the alleged retaliation, or (ii) a pattern of antagonism, coupled with timing, or (iii) evidence gleaned from the record as a whole and from which a reasonable factfinder could infer causation . . . . See also Farrell v. Planters Lifesavers Co. 206 F.3d 271, 281 (3d Cir. 2000) ("It is important to emphasize that it is causation, not temporal proximity [or evidence of antagonism], that is an element of plaintiff's prima facie case, and temporal proximity [or antagonism] merely provides an evidentiary basis from which an inference can be drawn.").

2

> [A]t bottom, the question of motive is for the jury. See, e.g. Reilly, 532 F.3d 216 (3d Cir. 2008) (denying summery judgment on basis that discipline was justified and unconnected to protected speech, noting that defendants' position was properly viewed as challenge to factual issues of motivation and rebuttal). . . . And although Defendants present a litany of alternative bases for their many instances of investigation and/or discipline of Plaintiff, under the law of this Circuit and the evidence of record, there are questions of fact necessarily left to the jury (e.g., whether an investigation itself and/or the consequences thereof were the result of Defendants' retaliatory motive).

Report and Recommendation at 1-2, 6, 10, 13-14.[2]

Lengthy objections were timely filed by the Defendants, followed by Responses to those Objections, and, most recently, Defendant Mullen's Reply.

This Court has carefully reviewed the parties' pleadings, and the other documents of record in this case. It notes that much of Defendants' continued objection turns on their understandable desire to have this Court accept their factual assertions regarding, and characterizations of, the many investigative and disciplinary actions at issue as the undisputed facts of the case and, accordingly, as "establishing" such determinative considerations as the "true motive and cause of the alleged retaliatory acts". Defendant Mullen's Objections to the Report and Recommendation at 6. But this the Court cannot do for reasons explained and

---

2. See also Report at 14, n. 23 ("The Report concurs with Mullen's observation that the question turns not on whether the adverse employment action was 'wrong or mistaken' but on the Defendants' motivation.");16, n. 25 (providing additional case citations).

3

supported in the Report.³ The Court finds no other basis in the Objections for disagreement with the recommendations.

AND NOW, therefore, this 16th day of December, 2009:

**IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment are denied, with the exceptions that their requests for summary judgment are granted (a) pursuant to the applicable statute of limitations, as to alleged acts of retaliation or discrimination occurring prior to June 8, 2005 (which Plaintiff does not contest); and (b) pursuant to the intracorporate conspiracy doctrine, as to claims alleged against the individual Defendants in their official capacities.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan is adopted as the Opinion of the Court.

Donetta W. Ambrose
United States District Judge

---

3. The Court observes that Queer v. Westmoreland County, 296 Fed. Appx. 290 (3d Cir. 2008), cited throughout Defendant Mullen's Objections, is patently distinguishable. Compare id. (concluding that defendant "could easily show anyone would have" declined to renew contract with third party who threatened to shoot his employees). And it observes that the Report reflects appropriate consideration of Plaintiff's *prima facie* case and its qualified immunity analysis.

4