IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM I. KISNER, )
                                                                ) No. 7-788
      Plaintiff, )
                                                                )
  v.

PETER R. DEFAZIO, ET AL.,

      Defendants.

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff, a former employee of the Allegheny County Sheriff's Office, alleges that he spoke out against unlawful practices within the Sheriff's Office, primarily a "pay-to-play" system. Plaintiff, <u>inter alia</u>, testified before a federal grand jury, and during a federal criminal trial of a former Captain in the Sheriff's Office. He alleges that he suffered a pattern of retaliation as a result of his protected activity, as well as race-based animus and actions. Eventually, in 2006, Defendants DeFazio and Skosnik pleaded guilty to federal charges related to the grand jury that heard Plaintiff's testimony. As a result of these events, Plaintiff now claims that Defendants violated the First Amendment under 42 U.S.C. §1983, engaged in a conspiracy to violate his civil rights under 42 U.S.C. §1985, and are subject to supervisory liability under 42 U.S.C. §1986.

Presently Before the Court is Plaintiff's Motion, pursuant to Fed. R. Crim. P. 6(e), for the discovery of certain grand jury materials relating to the investigation of the Allegheny County Sheriff's Office. In particular, Plaintiff seeks materials

pertaining to Defendant Skosnik, who repeatedly invoked the Fifth Amendment during his deposition in this case.  He also seeks information to rebut Defendants' contention that other persons testified against the Sheriff's Office in the federal proceedings, but did not suffer retaliation, or to refresh the recollection of or impeach witnesses at trial.

## OPINION

Fed. R. Crim. P. 6(e) protects the secrecy of grand jury proceedings by precluding disclosure of a "matter occurring before the grand jury," subject to several exceptions.  One exception, and that on which Plaintiff relies, permits disclosure of a "a grand-jury matter preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).  A threshold issue, therefore, is whether the movant seeks material that is, in fact, subject to Rule 6(e) – <u>i.e.</u>, whether the materials sought qualify as "grand jury matters."   In this case, the Government asserts that recordings and statements of individuals are not covered by the secrecy provisions of Rule 6(e), and therefore confines its response to the potential disclosure of witness grand jury transcripts.[1]   It appears that the accessability of materials other than those transcripts are not in dispute, therefore, and my discussion is limited accordingly.

To support a motion for disclosure of grand jury testimony, a party must show a particularized need for that information that outweighs the public

---

[1] Indeed, Plaintiff attributes his inability to obtain video and audio tapes to Skosnik invoking the privilege against self-incrimination, rather than to the secrecy of grand jury proceedings. Although no motion to compel deposition testimony is before me, I note Plaintiff's assertion that Skosnik pleaded guilty to matters involved in the grand jury proceeding, which are also the matters Plaintiff claims are pertinent to this litigation.  The scope of Skosnik's Fifth Amendment invocation, and the issue of double jeopardy protection, are unaddressed by the parties.

interest in grand jury secrecy. United States v. McDowell, 888 F.2d 285, 289 (3d Cir.1989).  It is well established that the proper functioning of the grand jury system depends upon the secrecy of the proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). Therefore, "[a]s a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." McDowell, 888 F.2d at 289.

Hence, "[t]he seeking party must show that the material sought is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed." Douglas Oil Co., 441 U.S. at 222.  In assessing the balance between need for information and that of secrecy, the district court "necessarily is infused with substantial discretion." Id. at 223.

In this particular case, the need to protect the secrecy of the proceedings carries significant weight.  As the Supreme Court has observed, if grand jury proceedings were made public, "many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.  Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements." Id. at 219.  Disclosure, even under a confidentiality agreement, would expose the witness testimony to the current Defendants, who were the subject of investigation and the defendants in the very federal proceeding now sought to be unveiled.  Indeed, in this very action, Plaintiff complains of retribution against him resulting in part from his grand jury

testimony against these Defendants.

Additionally, I am not persuaded that the need for disclosure overbalances the requirements of secrecy. While there is certainly a nexus between the underlying grand jury investigation and the instant suit, the applicable standard is higher than mere relevance. Plaintiff does not demonstrate a particularized or specific need for witness testimony. In other words, speculation that the testimony might be of eventual assistance, under the circumstances, is not sufficient. What Plaintiff seeks – <u>e.g.</u>, the wholesale disclosure of the testimony of "numerous Sheriff's Office employees," and that of Skosnik – is unwarranted. Additionally, Plaintiff's assertion that Skosnik's invoking the privilege against self-incrimination prevented Plaintiff from exploring "relevant issues in this case" does not rise to the level of a "particularized need." To the extent that Plaintiff wishes to adduce proof of Skosnik's involvement in the unlawful activities occurring at the Sheriff's Office, it appears that Skosnik's guilty plea might belie Plaintiff's "need" to do so through grand jury testimony.

### CONCLUSION

For the foregoing reasons, I will deny Plaintiff's Motion without prejudice, in the event that a more compelling need for a limited disclosure should arise during the course of this litigation.

An appropriate Order follows.

**ORDER**

AND NOW, this 15th day of January, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Access to Grand Jury Material (Docket No. [184] ) is DENIED without prejudice.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court