IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM I. KISNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 7-788 |
| ) | |
| PETER R. DEFAZIO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, District Judge

**ORDER OF COURT**

Having carefully considered the submissions of the parties [Docket Nos. 276-79], the following are deemed to be protected expressions by the Plaintiff:

August 2002: Kisner threw away an envelope containing a large number of $50 DeFazio campaign tickets and told John Bacharach, counsel to the Sheriff, that cancellation of the TSA detail was in retaliation for him not buying the tickets that were sent to his house.  Kisner also stated that if Kearney's Steelers detail was not also cancelled, he would go to the media and plead his case to the public, that this was "discrimination at its best," and that Kearney was only being permitted to run his detail because he had contributed to the DeFazio campaign.

Sheriff Deputies' Association meeting: Kisner spoke out that he was "tired of the double standard" for those who paid to play and that he had run his detail without regard to race or contributions.

2003-early 2004: Kisner spoke to Rizzo and refused  to purchase tickets to fundraising activities, stating that it was wrong for the Sheriff's Office to require employees to make political contributions as a condition of their employment.

At 2003 meeting regarding the anonymous memo, Kisner questioned whether differential treatment of certain blacks was also due to their failure to make contributions to the DeFazio campaign.  He also spoke of the unfair treatment of blacks in the Sheriff's office and voiced complaints regarding the lack of training opportunities for blacks and the failure to assign blacks to federal task force assignments.

Late 2004 fundraiser: Kisner told DeFazio that he felt pressured to attend and that "this is the kind of stuff I have been complaining to you about since forever."

Late 2004: Kisner complained to Skosnik regarding intimidation and hostile treatment he was experiencing because he was not a "team player" and did not "support" the Sheriff's Office. Kisner said that it wasn't "right" or "legal" and was a "gangster mentality."

April 2005: Meeting with FBI in connection with federal grand jury testimony.

August 2005: Testimony in federal criminal trial of Cpt. Frank Schiralli.

Sept. 2005: Testimony in Personnel Board proceeding relating to termination of Yvonne Evans.

July 17, 2006: Memo from Kisner to Mullen asserting that gas card incident was retaliation for his testimony.

July 2006: Kisner filed a complaint with the Allegheny County Department of Human Resources alleging retaliation based on his prior testimony.

November 4, 2006: Kisner complained to Sgt. Richard Fersch that his (and Deputy Butkus') transfer out of the transportation division was an act of retaliation.

November 2006: Kisner told Rizzo that the investigation after his November 4, 2006 complaint was an act of retaliation.

2003 "Jim Crow" memo: Prepared by Kisner objecting to "Jim Crow" system in place.

2003 Second meeting with Evans, Rizzo and Terry: Kisner spoke of the unfair treatment of black deputies and the scrutiny of his off-duty details. He said that differential treatment (between him and Kearney) was part of an overall discriminatory pattern in the office because he was the only black who ran details and was not contributing financially to the DeFazio campaign.

  With respect to the "Jim Crow" memo and the second meeting in 2003, there are questions of fact for the jury as to whether those protected expressions actually occurred.

  All other alleged expressions set forth in the parties' submissions were either too vague or did not constitute protected expression.

Dated: March 15, 2010

                        BY THE COURT:

                        /s/<u>Donetta W. Ambrose</u>
                           Donetta W. Ambrose
                           U.S. District Judge