IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William I. Kisner,<br><br>    Plaintiff,<br><br>vs.<br><br>Peter R. DeFazio, John A. Kearney,<br>William P. Mullen, Joseph A. Rizzo,<br>Dennis Skosnik, Michelle Terry, and<br>Allegheny County, Pennsylvania,<br><br>    Defendants. | Civil Action No. 07-788 |

**OPINION AND ORDER**

In this civil action, on April 6, 2010, a jury entered a verdict in favor of Defendants. In brief, Plaintiff alleged that Defendants retaliated against him for engaging in constitutionally protected conduct. Plaintiff has filed a Motion for New Trial pursuant to Fed. R. Civ. P. 59, on various grounds: failure to properly instruct the jury; failure to adopt Plaintiff's proposed verdict slip; and a verdict against the weight of the evidence. For the following reasons, Plaintiff's Motion will be denied.

**I. Applicable Standards**

If the basis for a Rule 59 motion lies within the trial court's discretion, the

court must assess whether an error was in fact committed, and whether the error was so prejudicial that denying a new trial would be inconsistent with substantial justice. Bhaya v. Westinghouse Elec. Corp., 709 F. Supp. 600, 601 (E.D. Pa. 1989).

## II. Plaintiff's Motion

### A. "Adverse action" instruction

Plaintiff first asserts that he is entitled to a new trial, because the jury was not specifically instructed that the element of "adverse action," part of his prima facie case of First Amendment retaliation, could be met by the aggregate effect of a number of employment actions, even if each is de minimis or trivial by itself.

> In general, a new trial may be granted due to an erroneous jury instruction if the "instruction was capable of confusing and thereby misleading the jury," ...or if the jury instruction contained an error that was "so prejudicial that denial of a new trial would be inconsistent with substantial justice.

Environ Prods. v. Furon Co., No. 96-2451, 1998 U.S. Dist. LEXIS 6467, 3-4 (E.D. Pa. Apr. 30, 1998).

In this case, the jury was instructed as follows:

> The third element, an adverse employment action, is one that would be sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights. The nature of any retaliatory acts committed by a public employer must be more than de minimis or trivial. You must decide whether there was an adverse employment action and whether the adverse employment action was done in retaliation or was done for some other legitimate reason.

This instruction hewed closely to the Third Circuit Standard Jury

2

instructions, and adequately and correctly stated applicable standards. The instruction did not limit jurors to consideration of single incidents in isolation, and did not in preclude the jury from considering Defendant's alleged course of conduct, or the alleged campaign of harassment. It contained no erroneous statement of law or fact, and was not misleading. Under applicable standards, the instructions are not grounds for a new trial.

### B. Verdict form

Next, Plaintiff contends that the verdict slip should have first asked whether Plaintiff's protected speech was a substantial or motivating factor in any adverse employment action, instead of first asking whether Plaintiff suffered am adverse employment action. He claims that the order of the verdict slip compounded the error, discussed <u>supra</u>, the "adverse action" jury instruction. Plaintiff further contends that the verdict slip deprived him of the benefit of a "mixed motive" analysis, which would have shifted the burden to Defendants to show that adverse action would have been taken absent Plaintiff's protected activity.

The burden thus shifted to a defendant, however, presupposes Plaintiff's <u>prima facie</u> case, which includes an adverse action. Thus, it was proper to inquire, first, whether the jury found that Plaintiff suffered an adverse action. Additionally, as discussed above, the instructions themselves contained no error. Therefore, the verdict form was not improper, and does not provide grounds for a new trial.

3

**C. Verdict against the weight of the evidence**

Where a motion for new trial is based on a contention that the jury's verdict was against the weight of the evidence, relief may be granted "only where the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). Although Plaintiff adduced evidence in his favor, Defendants did likewise in their own favor. This standard has not been met in this case, and I cannot find that the verdict was against the weight of the evidence.

**ORDER**

AND NOW, this 15th day of June, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for a New Trial (Docket No. 345) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court